# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ALBERT YERKE,

     *Plaintiff,*

  v.

AETNA,

     *Defendant.*

CIVIL ACTION
NO. 16-06512

**PAPPERT, J.**                **May 19, 2017**

## MEMORANDUM

Albert Yerke sued Aetna[1] in state court for breach of contract and for violating the Unfair Trade Practices Consumer Protection Law ("UTPCPL") by denying him benefits under a long-term disability benefits plan maintained with Aetna by his employer, AutoZone.  Aetna removed the case to federal court, basing federal jurisdiction on the preemptive effect of Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*  It then filed a motion to dismiss, contending that Yerke's claims are completely preempted by ERISA Section 502(a).  For the reasons below, the Court grants Aetna's motion and allows Yerke leave to file an amended complaint asserting federal claims pursuant to ERISA.

## I.

Yerke contends he was "covered under a long-term disability plan through his employment with AutoZone, which was insured by [Aetna]."  (Compl., ECF No. 1-1.)  He

---

[1] In its motion, Aetna states that the proper Defendant is "Aetna Life Insurance Company." (ECF No. 4-2.)

claims that although he was disabled from January 2, 2016 to September 16, 2016 and entitled to long-term disability benefits during that time, Aetna "has failed and refused to pay these benefits, despite demand for the same." (*Id.*) He states that "[i]n addition to the claim for benefits, [he] seeks counsel fees of $2,500.00 from Aetna due to its violation of the Unfair Trade Practices and Consumer Protection Law." (*Id.*) Yerke attached to his Complaint a purported copy of the long-term disability plan. *See* (*id.*). The document, entitled "Leave of Absence Guide for AutoZoners," appears to be a guide provided by AutoZone to its employees with overviews of various benefit plans offered by the company.[2] (ECF No. 1-1.)

Yerke filed his Complaint in the Montgomery County Court of Common Pleas on November 15, 2016. (ECF No. 1-1.) Aetna removed the case on December 19, 2016. (ECF No. 1.) On December 27, Aetna filed a motion to dismiss, arguing that Yerke's state law claims are both completely preempted under Section 502(a) and expressly preempted under Section 514(a). (Def.'s Mot., at 1, ECF No. 4-2.) Aetna also attached to its motion two documents specific to the disability benefits plan at issue: the Benefit Plan Booklet-Certificate, prepared by Aetna for AutoZone, and a copy of the group insurance policy.[3] (ECF Nos. 4-3 & 4-4.) Yerke filed his response on January 20, disputing the applicability of ERISA. (Pl.'s Resp., at 3, ECF No. 8-2.)

---

[2]     The Guide's "Disclaimer" states:

> This guide provides only a brief summary of the insurance programs and benefits referenced herein. For more detailed information about these benefits, please refer to the applicable Summary Plan Description or insurance certificate. These documents will provide you with more important information on benefit provisions, including any conditions, limitations and exclusions which may apply.

(ECF No. 1-1, at 3.)

[3]     In ruling on a motion to dismiss, the Court may consider undisputedly authentic documents that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims

## II.

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead factual allegations sufficient "to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The "mere possibility of misconduct" is not enough. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The court must construe the complaint in the light most favorable to the plaintiff. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 790 (3d Cir. 2016) (citations omitted). However, a court need not accept as true inferences drawn by the plaintiff that are unsupported by facts. *See Cal. Pub. Emps.' Ret. Sys. v. Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell*, 550 U.S. at 555 (2007) (citations and alterations omitted); *see Iqbal*, 556 U.S. at 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). A court should "consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004). Whether a complaint states a plausible claim for relief is a context-specific task that "requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citations omitted).

---

arise out of that document. *See In re Asbestos Products Liab. Litig. (No. VI)*, 822 F.3d 125, 133 n.7 (3d Cir. 2016); *see also In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1426 (3d Cir. 1997).

# III.

## A.

To determine whether Yerke's claims are preempted, the Court must first decide whether the plan issued by Aetna to AutoZone for the benefit of AutoZone's employees is one that qualifies under ERISA. "ERISA is a comprehensive statute designed to promote the interests of employees and their beneficiaries in employee benefit plans." *Edmonson v. Lincoln Nat. Life Ins. Co.*, 725 F.3d 406, 413 (3d Cir. 2013) (citing *Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 137 (1990)). ERISA governs two types of employee benefit plans, namely "employee welfare benefit plans" and "employee pension benefit plans." 29 U.S.C. § 1002(3). An employee welfare benefit plan is defined as "any plan, fund, or program which was . . . established or maintained by an employer or by an employee organization . . . for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise . . . benefits in the event of sickness, accident, disability, death or unemployment." 29 U.S.C. § 1002(1).

A plan qualifies if, from the surrounding circumstances, a reasonable person can ascertain: (1) the intended benefits; (2) the class or classes of beneficiaries; (3) the source of financing; and (4) the procedures for receiving benefits. *See Deibler v. United Food & Commercial Workers' Local Union 23*, 973 F.2d 206, 209 (3d Cir. 1992) (citation omitted). These requirements are satisfied here. The long-term disability plan, sponsored and maintained by AutoZone and funded through a group insurance policy issued by Aetna, provides benefits to eligible employees in the event of disability. *See* (Def.'s Mot., at 1 n.1). The Benefit Plan Booklet-Certificate, which details the terms

and conditions governing a plan participant's entitlement to benefits and is incorporated into the insurance policy by reference, *see* (ECF No. 4-4, at 9010), supports this conclusion. The "intended benefits" are those listed on pages 6–8. (ECF No. 4-3, at 6.) The "class of beneficiaries" is described on page 4. (*Id.* at 4.) The "source of financing" is the policy itself, which provides benefits to eligible beneficiaries. (*Id.* at 20.) Finally, the "procedures for receiving benefits" are set forth on page 19. (*Id.* at 19.)

"One of the touchstones of a plan that is governed by ERISA is the 'establishment and maintenance of a separate and ongoing administrative scheme,' which the plan administrator must set up in order to determine eligibility for benefits." *Menkes v. Prudential Ins. Co. of Am.*, 762 F.3d 285, 290 (3d Cir. 2014) (quoting *Shaver v. Siemens Corp.*, 670 F.3d 462, 476 (3d Cir. 2012)). The disability benefits Yerke seeks are disbursed pursuant to an administrative scheme in which Aetna functions both as the administrator and the claim fiduciary that makes eligibility determinations. A section of the policy titled "Claim Determinations; ERISA Claim Fiduciary" clarifies that, "[f]or the purpose of Section 503 of Title 1 of [ERISA]," Aetna is a fiduciary with discretion to determine whether and to what extent eligible employees are entitled to benefits under the policy. (ECF No. 4-4, at 9060.1.)

For these reasons, the plan constitutes an employee welfare benefit plan under ERISA.

## B.

In his response, Yerke claims that "Aetna has not established an adequate factual record upon which to conclude that the disability policy is covered by ERISA." (Pl.'s Resp., at 3.) Though Yerke does not dispute the authenticity of the documents

attached by Aetna, he argues that the plan he described in his Complaint—a "long-term disability plan through his employment with Autozone, which was insured by [Aetna]"—is separate and distinct from the plan evidenced by the documents provided by Aetna. *See* (Compl., at 1); (Pl.'s Resp., at 2–3). He bases his argument on the variances between the brief description of the plan contained in the employee guide he attached to his Complaint and the more elaborate scheme outlined by the official plan documents provided by Aetna. He then cites *Angst v. Mack Trucks, Inc.*, 969 F.2d 1530 (3d Cir. 1992) for the proposition that "[f]or a benefit plan to implicate ERISA, it must at a minimum provide an administrative scheme" and argues that because the employee guide does not contain the full details of the administrative scheme, the plan described therein is not governed by ERISA. (Pl.'s Resp., at 2–3.)

This argument is meritless. The AutoZone employee guide attached to Yerke's Complaint provides "only a brief summary of the insurance programs and benefits referenced herein" and directs employees to refer to "the applicable Summary Plan Description or insurance certificate" for "important information on benefit provisions, including any conditions, limitations and exclusions which may apply." (Guide, at 3.) The Booklet-Certificate and the policy attached by Aetna are clearly the official underlying documents relevant to the plan referenced in the employee guide and described by Yerke himself as the "long-term disability plan through his employment with Autozone, which was insured by [Aetna]." (Compl., at 1.) That those documents were not provided to Yerke is irrelevant to whether the plan under which he claims coverage possesses the requisite characteristics to be governed by ERISA, a conclusion the documents support. *See supra* Section III.A.

Yerke also argues that Aetna failed to establish that the plan under which he seeks benefits was subject to ERISA because the copy of the policy Aetna attached to its notice of removal bears an "Issue Date" of May 11, 2016, three months after the onset of Yerke's disability in January 2016. (Pl.'s Resp., at 2.) This argument also fails. The copy of the policy Aetna subsequently attached to its motion to dismiss bears an "Issue Date" of May 27, 2014. (ECF No. 4-4.) Yerke seeks benefits provided under the same employer-sponsored long-term disability plan described in the Booklet-Certificate and funded by the group insurance policy attached by Aetna, and that plan is governed by ERISA.

## IV.

The Court must next determine whether Yerke's state law claims are completely preempted by Section 502(a) of ERISA such that federal jurisdiction exists and removal to this Court was proper. As noted above, the Complaint alleges only state law causes of action: breach of contract and violating the UTPCPL. Under the well-pleaded complaint rule, an action may be removed to this court based on federal question jurisdiction only if the federal claim appears on the face of the complaint, and the fact that the defendant may have a defense under federal law is not sufficient to allow removal. *See Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 10 (1983); *Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 271 (3d Cir. 2001). However, the complete preemption doctrine is an exception to the well-pleaded complaint rule. *Ry. Labor Executives Ass'n v. Pittsburgh & Lake Erie R.R. Co.*, 858 F.2d 936, 939 (3d Cir. 1998). Complete preemption exists when Congress has so thoroughly addressed an area of law that any claim brought within its scope is necessarily federal in character.

*Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64 (1987). A claim that has been completely preempted is removable regardless of whether a federal claim appears from a reading of the complaint. *See id.* at 65 (the doctrine of complete preemption "converts an ordinary state common law complaint into one stating a federal claim"); *see also New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014) ("While other types of preemption operate only as federal defenses to state law claims, complete preemption operates to confer original federal subject matter jurisdiction notwithstanding the absence of a federal cause of action on the face of the complaint.").

The Supreme Court has determined that state common law claims that come within the scope of ERISA's civil enforcement provision, Section 502(a), are subject to complete preemption. *Taylor*, 481 U.S. at 66; *Pryzbowski*, 245 F.3d at 271. A state law claim is completely preempted, and thus removable, under ERISA Section 502(a) if: (1) the plaintiff could have brought the claim under Section 502(a); and (2) no other independent legal duty supports the plaintiff's claim. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 201 (2004); *Pascack Valley Hosp. Inc. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 400 (3d Cir. 2004). In determining whether state claims falls within the scope of Section 502(a), the Court looks to the substance of the plaintiff's allegations; "the particular label affixed to them" is immaterial. *Davila*, 542 U.S. at 114.

Section 502(a)(1)(B) allows a participant of an ERISA-regulated plan, such as Yerke, to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future

benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Section 502(a)(2), in conjunction with Section 409, allows a participant to sue "[a]ny person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries" under ERISA. 29 U.S.C. §§ 1109(a), 1132(a)(2). Yerke's breach of contract claim is premised on the denial of benefits under the plan. Because Yerke does not proffer any additional facts or legal theories in support of his claim under the UTPCPL, the Court presumes that it is also based on the alleged failure to provide benefits promised and owed. These claims therefore could have been brought in an action seeking to recover benefits due under the plan pursuant to 502(a)(1)(B). *Davila*, 542 U.S. at 211 (claim against administrator of employer's benefit plan for denial of benefits is within the scope of 502(a) and completely preempted); *Pryzbowski*, 245 F.3d at 272–73 (claims challenging the administration of, or eligibility for, benefits call within the scope of 502(a) and are preempted); *In re U.S. Healthcare, Inc.*, 193 F.3d 151, 162 (3d Cir. 1999) (claims challenging administrator's eligibility determination are preempted by Section 502(a). Moreover, no other independent legal duty supports Yerke's claims because they are based solely on Aetna's alleged obligations under the long-term disability benefits plan. *See New Jersey Carpenters & the Trustees Thereof*, 760 F.3d at 303 (a legal duty is "independent" if it is not based on an obligation under an ERISA plan, or if it "would exist whether or not an ERISA plan existed." (citation and quotations omitted)). Both claims are therefore completely preempted by Section 502(a) and removal was proper.[4]

---

[4] Though Yerke disputed the applicability of ERISA, he acknowledged that "removal of this case on the basis of ERISA preemption would be proper if the disability benefit policy were covered by ERISA." (Pl.'s Resp., at 3.)

## V.

"Unlike ordinary preemption, which would only arise as a federal defense to a state-law claim, complete preemption operates to confer original federal subject matter jurisdiction notwithstanding the absence of a federal cause of action on the face of the complaint." *In re U.S. Healthcare, Inc.*, 193 F.3d at 160. Upon finding that state law claims are completely preempted, the Court can either convert them into federal claims under Section 502(a) of ERISA or dismiss them without prejudice and grant Yerke leave to file an amended complaint asserting the appropriate federal claims under ERISA. *Id.* at 425 (stating that "a district court may convert completely preempted state law claims into federal claims" where the action was removed to federal court as an exception to the well-pleaded complaint rule); *Miller v. Aetna Healthcare*, No. 01-2443, 2001 WL 1609681, at *2 (E.D. Pa. Dec. 12, 2001) ("When a plaintiff's claims are completely preempted by ERISA, dismissal without prejudice to assert an ERISA claim is an appropriate course."); *see also Erbe v. Billeter*, No. 06-113, 2006 WL 3227765, at *9 (W.D. Pa. Nov. 3, 2006) (dismissing plaintiff's completely preempted state law claims but granting leave to file an amended complaint bringing claims for relief under ERISA); *Cecchanecchio v. Cont'l Cas. Co.*, No. 00–4925, 2001 WL 43783, at *5 (E.D. Pa. Jan. 19, 2001) (same); *Murphy v. Metro. Life Ins. Co.*, 152 F. Supp. 2d 755, 758 (E.D. Pa. 2001) (converting plaintiff's completely preempted claims into federal claims under ERISA at the motion to dismiss stage).

In his response, Yerke stated that he retains "the right to pursue a claim for damages stemming from the wrongful denial of his disability claim; and for any ancillary relief permitted by ERISA, including counsel fees" and requested leave to file

an amended complaint in the event that the Court found it had subject matter jurisdiction.  (Pl.'s Resp., at 5–6.)  In light of Yerke's request, the Court grants Yerke leave to file an amended complaint asserting claims under ERISA.[5]

An appropriate order follows.

BY THE COURT:

**_/s/ Gerald J. Pappert_**
GERALD J. PAPPERT, J.

---

[5]     This also gives Yerke an opportunity to assert additional factual allegations to cure various potential deficiencies in his Complaint pointed out by Aetna.  *See* (Def.'s Mot., at 2–3).