IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALBERT YERKE, *Plaintiff,* v. AETNA, *Defendant.* | CIVIL ACTION NO. 16-06512 |

PAPPERT, J.  October 31, 2017

# MEMORANDUM

Albert Yerke sued the Aetna Life Insurance Company in state court and Aetna removed the case to federal court on December 19, 2016, basing federal jurisdiction on the preemptive effect of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. (ECF No. 1, Ex. A.) Aetna subsequently filed a motion to dismiss, which the Court granted without prejudice on May 19, 2017. (ECF Nos. 9 &10.) In its May 19 Order, the Court granted Yerke leave to file, by June 16, 2017, an amended complaint asserting federal claims pursuant to ERISA Section 502(a). (ECF No. 10.) Yerke never did so. On August 24, 2017, Aetna filed a motion to dismiss for lack of prosecution. (ECF No. 11.) Yerke never responded to the motion. On October 3, 2017, the Court ordered Yerke to show cause why the case should not be dismissed for failure to prosecute. (ECF No. 12.) The Court informed Yerke that failure to do so may result in dismissal of the case. (*Id.*) Yerke failed to comply with the Court's Order. In fact, Yerke has not communicated with the Court since January

1

20, 2017—more than nine months ago. The Court now grants Aetna's motion and dismisses the case with prejudice.

## I.

Federal Rule of Civil Procedure 41(b) permits a court to dismiss a suit for failure to prosecute. Fed. R. Civ. P. 41(b). Courts may dismiss a case with prejudice to enable them to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Spain v. Gallegos*, 26 F.3d 439, 454 (3d Cir. 1994). Generally, when deciding to use dismissal as a sanction, a district court balances the six *Poulis* factors. *See Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984). But, in cases where "a litigant's conduct makes adjudication of the case impossible . . . balancing under *Poulis* is unnecessary." *Jones v. New Jersey Bar Ass'n*, 242 Fed. App'x. 793, 794 (3d Cir. 2007) (affirming the district court's dismissal with prejudice, without analysis of the *Poulis* factors, because plaintiff did not file an amended complaint by the imposed deadline); *see also Allen v. Am. Fed'n of Gov't Employees*, 317 F. App'x 180 (3d Cir. 2009) (affirming the district court's dismissal with prejudice, without analysis of the *Poulis* factors, because plaintiff did not file an amended complaint within 15 days of an order being issued). In *Allen*, the court explained that the plaintiff's failure to file the amended complaint signaled to the court that he was not pursuing his claim. 317 F. App'x at 181. Without the amended complaint, the court was "uncertain of the contours" of the plaintiff's claims. *Id.* Here, Yerke's silence makes "adjudication of the case impossible" and the case can be dismissed with prejudice and without any further analysis. The Court nonetheless addresses the *Poulis* factors as well.

## II.

There is no "magic formula" or "mechanical calculation" when analyzing the *Poulis* factors. *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (citation omitted). "[N]o single [ ] factor is dispositive," and "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Id.* The six factors to consider are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternate sanctions; and (6) the meritoriousness of the claims or defenses.

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) (emphasis omitted).

### A.

First, the extent of the party's responsibility is unknown to the Court. In cases with *pro se* litigants, courts usually find the litigant solely responsible for the failure to prosecute. *Briscoe*, 538 F.3d at 258–59. Yerke has always been represented by counsel; in a case where a party is represented by an attorney, the party's individual responsibility may be unclear. *Patel v. Patel*, No. 14-2949, 2015 WL 4391304, at *3 (E.D. Pa. July 17, 2015). The Court does not know whether Yerke has failed to communicate with his attorney, though Yerke's counsel has never sought to withdraw from the case, or whether the lawyer has failed to respond to the motion or the Court's directives. This factor is neutral.

Second, the prejudice to Aetna caused by Yerke's failure to respond weighs slightly against dismissal. Prejudice is not limited to irreparable harm and it can include "the burden imposed by impeding a party's ability to prepare effectively a full

3

and complete trial strategy." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). When a plaintiff fails to attend depositions or court hearings, it may be prejudicial to the defendant as they are inconvenienced in time and money. *See Alexe v. Lucent Techs.,* Inc., No. 07–453, 2007 WL 3026864, at *3 (D.N.J. Oct.17, 2007). When a defendant is forced to "research, write, file, and argue" motions due to a plaintiff's conduct, it may be prejudicial to the defendant. *See Cummings v. Allstate Ins. Co.*, No. 11-02691, 2012 WL 2327855, at *6 (E.D. Pa. June 19, 2012). Here, Aetna argues that it "should not be forced to sit and wait for Plaintiff to take action." (Def. Mot. at 4, ECF No. 11.) Aetna has only filed a motion to dismiss for lack of prosecution and has not lost time preparing or traveling for depositions or court hearings.

Third, the history of dilatoriness weighs heavily in favor of dismissal. "[E]xtensive or repeated delay or delinquency constitutes a history of dilatoriness" but conduct that occurs once or twice is insufficient. *Adams v. Trustees of New Jersey Brewery Employees' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994); *Briscoe*, 538 F. 3d at 260–61. In *Mazzuca v. U.S. Sec. Assocs., Inc.*, the court determined that the plaintiff's failure to respond to written discovery, ignoring the court's order to do so, and offering no excuse for not doing so amounted to dilatory conduct. 2009 WL 529865, at *6 (E.D. Pa. Mar. 3, 2009). Here, Yerke failed to amend his complaint, failed to respond to Aetna's motion, failed to provide the Court with a required status update, and failed to offer any explanation for his shortcomings.

Fourth, the willful or bad faith conduct of the party or attorney weighs in favor of dismissal. Courts have held where there is no indication that a plaintiff's failure was from excusable neglect, "the conclusion that their failure is willful is inescapable."

*Palmer v. Rustin*, No. 10-42, 2011 5101774, at *2 (W.D. Pa. Oct. 25, 2011); *see also Roman v. City of Reading*, 121 F. App'x 955, 960 (3d Cir. 2005) ("Absence of reasonable excuses may suggest that the conduct was willful or in bad faith."); *Breeland v. Doll*, No. 11-cv-1415, 2012 WL 1424778, at *5 (M.D. Pa. Mar. 21, 2012), *report and recommendation adopted*, No. 11-cv-1415, 2012 WL 1454016 (M.D. Pa. Apr. 25, 2012) ("when the Plaintiff has failed to comply with instructions of the Court directing the Plaintiff to take specific actions in this case, and has violated the local rules, the Court is compelled to conclude that the Plaintiff's actions are not accidental or inadvertent but instead reflect an intentional disregard for this case and the Court's instructions"). Yerke's failures are not the result of excusable neglect.

Fifth, the effectiveness of alternative sanctions weighs in favor of dismissal. When there is an indication that a plaintiff may not be able to pay the monetary sanctions, courts have used dismissal as an alternative. *See Briscoe*, 538 F.3d at 263 (monetary sanctions would be ineffective because a pro se plaintiff was proceeding *in forma pauperis*). Although an individual party *justly* may suffer dismissal as a result of their counsel's conduct, the Third Circuit has "increasingly emphasized visiting sanctions directly on the delinquent lawyer, rather than on a client who is not actually at fault." *Carter v. Albert Einstein Medical Ctr.*, 804 F.2d 805, 807 (3d Cir. 1986). In some instances, courts have determined that threatening sanctions would be futile because of a party's failure to communicate with the court. *See Schwartzberg v. Comm'r of Soc. Sec.*, No.15-4172, 2016 WL 3912853 (D.N.J. July 18, 2016) (finding that any sanction other than dismissal would be futile and dismissing the case with prejudice where plaintiff, represented by an attorney, failed to file her statement of

5

contentions, and ignored the court's order to show cause why the case shouldn't be dismissed); *Olsen v. Comm'r of Soc. Sec.*, No. 15-2889, 2016 WL 2625327, at *1 (D.N.J. May 9, 2016) (finding that any sanction other than dismissal would be futile and dismissing the case with prejudice where plaintiff failed to file his statement of contentions, failed to respond to defendant, and ignored the court's order to show cause why the case shouldn't be dismissed); *Aronson v. Buy4Less Esales Ltd.*, No. 12-415, 2013 WL 5817070 (D.N.J. Oct. 11, 2013) (finding that any sanction other than dismissal would be futile and dismissing the case with prejudice when plaintiff, represented by an attorney, failed to appear for a conference or notify the court as to why, failed to reply to a notification explaining the failure to appear, and had not contacted the court for fourteen months); *Harris v. Crown Castle Intern. Corp.*, No. 11-1302, 2012 WL 1884383, at *4 (W.D. Pa. May 7, 2012), *report and recommendation adopted*, No. 11-1302, 2012 WL 1884359 (W.D. Pa. May 23, 2012) (finding that any sanction other than dismissal would be futile and dismissing the case with prejudice where plaintiff's attorney failed to attend a status conference, return phone calls, respond to discovery requests, or oppose a motion).

Yerke failed to file an amended complaint by the Court's deadline, failed to respond to Aetna's motion to dismiss the case, and failed to provide the Court with a status update despite the Court informing him that his case could be dismissed for failure to do so. Yerke has not communicated with the Court in over nine months. Threatening Yerke with sanctions would be futile.

Sixth, the meritoriousness of the claim is unknown and at best a neutral factor. Yerke sued Aetna in state court for breach of contract and for violating the Unfair

Trade Practices Consumer Protection Law ("UTPCPL") by denying him benefits under a long-term disability benefits plan maintained with Aetna by his employer, AutoZone. Once the case was removed, Aetna filed a motion to dismiss, contending that Yerke's claims were completely preempted by ERISA Section 502(a), which the Court granted. (ECF Nos. 4, 9, 10.) Because Yerke has not filed an amended complaint that asserts any federal claims, the Court is unable to determine whether Yerke has any meritorious claims under ERISA.

An appropriate order follows.

BY THE COURT:


*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.